**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHON SPRADLING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1801 JAR |
| | ) | |
| CITY OF BERKELEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Plaintiffs' Complaint ("Motion"; ECF No. 18). Plaintiffs seek to amend their Complaint to provide the full name of Police Office *fnu* Jackson and to add as defendants Police Officers Matthew Vegovisch, Thurmond Griffin, and Ira Walker. Defendants oppose this amendment (ECF Nos. 19-21).[1]

The Court denies Plaintiffs' Motion because it is untimely and would unfairly prejudice Defendants. First, the Court notes that it previously ordered Plaintiffs to identify John Doe One, Two and Three. Plaintiffs did not respond and the Court dismissed the John Does from this action on February 24, 2011. See ECF No. 10 (dismissing the John Doe defendants); ECF No. 19, p. 2; ECF No. 20, ¶¶2-3; ECF No. 21, p. 1. In addition, Defendants provided the officers' names to Plaintiffs on two prior occasions, months prior to the deadline for filing an amended complaint under the CMO. Defendant City of Berkeley provided the names of the officers as part of their initial disclosures on March 15, 2011, and Herman Jackson provided the names of the officers as part of his initial disclosures on April 15, 2011. (ECF No. 19, p. 2; ECF No. 20, ¶¶6-7; ECF No. 21, p. 2).

---

[1]Plaintiffs have not filed a reply in support of their Motion to Dismiss, but the time for filing a reply has run. See E.D.Mo. L.R. 4.01(C).

Finally, Defendants note that the deadline for joinder of additional parties or amendment of the pleadings was May 1, 2011, but Plaintiffs did not file their Motion under October 12, 2011.  See ECF No. 17 (the Case Management Order ("CMO")); ECF No. 19, p. 1; ECF No. 20, ¶4; ECF No. 21, p. 1).

The Court finds that Plaintiffs have not shown good cause for modification of the CMO to allow amended of the complaint and joinder of additional parties more than five (5) months after the deadline in the CMO.  See Fed.R.Civ.P. 16(b); Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir.2011)(quoting Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)("When a party moves for leave to amend outside the district court's scheduling order, Fed. R. Civ. P. 16(b), 'not the more liberal standard of [Fed. R. Civ. P. 15(a)],' governs and requires the party to show good cause to modify the schedule.").  Rather, the evidence before the Court is that Plaintiffs knew the identities of these officers almost two months prior to the deadline for amending the complaint, but failed to file any motion with the Court until several months later and the deadline passed.  See  Morrison Enters., LLC, 638 F.3d at 610 ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.")(internal citations omitted).  In addition, Plaintiffs have not provided any rationale for their failure to file a timely motion for amendment of the complaint.  Further, as noted by Defendant City of Berkeley (ECF No. 19, p. 2), allowing amendment of the complaint would result in a delay to the proceedings, particularly given the advanced stage of litigation.  See Popp Telecom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000) ("Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend."); Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 932 (8th Cir. 2011).

-2-

Accordingly,

**IT IS HEREBY ORDERED** that  Plaintiffs' Motions for Leave to Amend Plaintiff's Complaint (ECF No. 18) is **DENIED**.

Dated this   7th     day of November, 2011.

UNITED STATES DISTRICT JUDGE